Earl, J.
The defendant was convicted of the crime of murder in the first degree in killing John Eitslco at Miagara Falls, in March last. The crime was committed while the defendant and two companions, Charles Kelley and William Chambers, were making an assault upon a dwelling occupied by Eitslco and other Poles. There was some conflict in the evidence as to the circumstances of the homicide. But we think the proof is very clear and. satisfactory that the fatal shot was fired by the defendant. The prosecution proved that during the affray Kelley, using; the same pistol that killed Eitslco, shot at and wounded Anthony Hoy, and the counsel for defendant now calls our attention to this* evidence, and claims that it was incompetent. It was not objected! to. Kelley and the defendant seemed to be acting in concert, and! the assault by Kelley upon Hoy was during the same affray in which Eitslco was killed. The evidence was of no importance and could not have been harmful to the defendant, and it was competent as one of the circumstances attending the homicide.
The prosecution put in evidence certain incriminating letters written by the defendant in the prison where he was confined. It is claimed' that they were improperly admitted in evidence, because it was not sufficiently shown that they were in the handwriting of the defendant. We think that the evidence that the defendant wrote and sent the letters was sufficient for submission to the jury.
The defendant’s counsel was sworn as a witness on his behalf and gave evidence at the trial. On his cross-examination, he was asked “ whether he had anything at stake in the trial,” and he answered that he had wagered ten dollars that he would acquit the defendant. This cross-examination was not objected' to. But the evidence was competent to show the interest of the witness in the result of the trial, and as bearing upon his credibility.
After the jury had retired to deliberate upon their verdict they were brought into court, and at the request of the defendant’s counsel were further instructed by the judge. They again retired, and, after some time, they sent word to the judge by an officer that they desired further instructions, and he informed them that he could not give them further instructions, as the defendant’s counsel was absent. It is claimed that in making this communication to the jury he violated § 427 of the Code of Criminal Procedure. A refusal to make a communication is obviously not a communication within the meaning of that section. It certainly was not error for the court, having fully charged the jury, and again further instructed them, to refuse to procure the attendance of the defendant’s counsel that he might give still further instructions to them. Whether he would give further instructions rested in his. discretion. The case was a simple one, and it does not appear that the defendant could have been harmed for the lack of further instructions to the jury.
*886 We see no reason to doubt that the conviction of the defendant ■was right, and the judgment should be affirmed.
All concur.